UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GWENDELYN RODRIQUEZ,
o/b/o C.W.

                      Plaintiff,

v.                                              **DECISION AND ORDER**
                                                        14-CV-214S
CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

      1.      Plaintiff, C.W.'s mother, challenges an Administrative Law Judge's ("ALJ") determination, on behalf of her child who is under the age of 18. The ALJ determined that Plaintiff is not entitled to Supplemental Security Benefits under the Social Security Act ("the Act"). Plaintiff alleges that C.W. has been disabled since November 5, 2008 due to an adjustment disorder, an optic nerve dysplasia and strabismus, and asthma.

      2.      Plaintiff filed an application for Supplemental Security Income (SSI) on February 23, 2011. The application was initially denied on April 26, 2011. Plaintiff filed a written request for a hearing on May 26, 2011. Pursuant to Plaintiff's request, an administrative hearing was held before ALJ David S. Lewandowski on July 26, 2012, at which time C.W., Plaintiff, and Plaintiff's attorney Jessica Walker, Esq. appeared. The ALJ considered the case *de novo*, and on August 9, 2012, issued a decision finding that Plaintiff was not disabled. On February 21, 2014, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current civil action on March 28, 2014, challenging Defendant's final decision.[1]

      3.      On August 18, 2014 the Plaintiff filed a motion for judgment on the pleadings

---

[1]The ALJ's August 9, 2012 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

1

pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Docket No. 9). The Commissioner followed suit with her own motion on November 12, 2014. (Docket No. 13). For the following reasons, the Plaintiff's motion is granted, the Commissioner's motion is denied, and this case is remanded for further proceedings.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination

considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. An individual under the age of 18 is considered disabled when he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner has established a three-step sequential evaluation process to determine whether a child is disabled as defined under the Act. See 20 C.F.R. § 416.924. Specifically, it must be determined: (1) whether or not the child has engaged in any substantial gainful activity; (2) if not, whether he or she has a "severe" impairment or combination of impairments that cause "more than minimal functional limitations;" and (3) whether his or her impairment or combination of impairments is of listing-level severity, in that it meets, medically equals, or functionally equals the severity of a listed impairment. See 20 C.F.R. § 416.924; see also 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments").

7. Where an impairment medically meets or equals a listed impairment, the child will be found disabled. 20 C.F.R. §§ 416.924(d)(1); 416.925. If a child's impairment or combination thereof does not meet or equal a listed impairment, the ALJ must assess all functional limitations caused by the child's impairments in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating to others; (4) moving about and manipulating objects; (5) caring for self; and (6) health and physical well-being. 20 C.F.R. § 416.926(a),(b)(1). A child is classified as disabled if he or she has a "marked" limitation in two domains of functioning or an

3

"extreme" limitation in one domain. 20 C.F.R. §§ 416.926a(d). A "marked" limitation exists when an impairment or the cumulative effect of impairments "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(I)). An "extreme" limitation "interferes very seriously" with that ability. 20 C.F.R. § 414.926a(e)(3)(I).

8.  After applying the three-step evaluation in this case, the ALJ concluded that C.W., who was seven years old at the time of the decision: (1) had not engaged in substantial gainful activity since the application date of February 23, 2011; (2) had the following severe impairments: right eye optic nerve dysplasia; strabismus status post surgical correction; asthma; and adjustment disorder; and (3) did not have an impairment or combination of impairments that either met, or medically equaled a listed impairment. (R. at 16).[2] With respect to the functional-equivalent domains, the ALJ found that C.W. had a less than marked limitation in all six domains. (R. at 20-26). Because the child did not have an impairment or combination thereof that resulted in the functional equivalent of a listed impairment, ALJ Lewandowski held that C.W. was not disabled under the relevant section of the Act at any time through the date of his decision, August 9, 2012. (R. at 26).

9.  In the instant case, Plaintiff advances two challenges to the ALJ's decision, one of which is persuasive. Plaintiff first argues that ALJ Lewandowski erred in determining that Plaintiff's child had a less than marked limitation in the domain of interacting and relating to others without first further developing the record. Specifically, Plaintiff notes that the ALJ discounted the behavioral issues described by Plaintiff and the child's second grade teacher because these allegations were not reflected in school records. (Pl's Mem of Law at 13-14; R at 19, 23). Plaintiff argues that this was error

---

[2]Citations to the underlying administrative record are designated "R."

4

because both she and the teacher referenced a behavior modification plan and counseling that occurred in school, however, the ALJ failed to obtain these records prior to rendering his decision.

The ALJ is under an affirmative obligation to address evidentiary gaps in the administrative record by recontacting treating sources in order to obtain more detailed information regarding the existence, nature, and severity of the claimed disability. See 20 C.F.R. § 416.912(d) ("Before we make a determination that you are not disabled, we will develop your complete medical history ... [and] will make every reasonable effort to help you get medical reports from your own medical sources when you give us permission to request the reports."). This duty to develop the record applies even when a claimant is represented by counsel. Rizzo v. Astrue, No. 08-CV-3219(ADS), 2009 WL 3297781, *5 (E.D.N.Y. Oct. 13, 2009) (citing Perez v. Chater, 77 F.3d 41, 47 (2d Cir. 1996)); however, it is only triggered when inconsistencies or inadequacies in the record necessitate further information. See Rosa v. Callahan, 168 F.3d 72, 79 n. 5 (2d Cir. 1999) (citing Perez, 77 F.3d at 48)). Further, the ALJ is not required to request records that contain duplicative information. Lynn v. Comm'r of Social Security, No. 11-CV-917(CBA), 2013 WL 1334030, *12 (E.D.N.Y. Mar. 30, 2013).

Here, the ALJ failed to properly develop the record. Both Plaintiff and C.W.'s second grade teacher referenced school counseling sessions, and C.W's teacher also states that a behavior modification plan was utilized for C.W. (Pl's Mem of Law at 13-14; R. at 19, 23, 53, 245). Plaintiff testified that "he [C.W.] does take counseling through Life Transition at school" in addition to the therapy he received from Child and Adolescent Treatment Services ("CATS"). (R. at 18, 53). Indeed, it appears from Plaintiff's testimony that this school therapy occurred even prior to a largely undiscussed incident when C.W. brought a knife to school in February 2012 and threatened other students, an incident that

5

was apparently severe enough to prompt the CATS treatment. (R. 18, 53 (noting that the CATS sessions resulted from the suspension)).) C.W.'s second grade teacher similarly indicated that it had been necessary to implement behavior modification strategies for C.W., although she provided no further details other than writing "Behavioral Plan." (R. at 245). Nonetheless, despite being on notice that further relevant school counseling records likely existed, the ALJ rejected the allegations of Plaintiff and C.W.'s second grade teacher because their allegations of behavioral issues were "not reflected in school records." (R. at 23).

The Commissioner argues that, at the hearing, Plaintiff's counsel indicated that the only missing information was a teacher's questionnaire from C.W.'s current teacher, and did not indicate that there were any other school counseling records or additional materials that the ALJ needed to acquire. (Comm'r Mem of Law at 11; R. at 34, 61). However, "[w]here, as here, it is apparent from the face of the record that the record lacks necessary information, the ALJ cannot be relieved of his affirmative obligation to develop the record by a statement of counsel." Hilsdorf v. Comm'r of Social Sec., 724 F. Supp. 2d 330, 346 (E.D.N.Y. 2010). Instead, the failure to request these records is enough to constitute remand. See Johnson v. Colvin, No. 14-CV-2334(CM)(JLC), 2015 WL 400623, *11 (S.D.N.Y. 2015) (holding that remand was appropriate when the ALJ did not request medical records regarding claimant's treatment for consideration). Although the ultimate determination may or may not change, further development of the record and the written decision will allow for more clarity and effective review.

10. In addition to challenging the ALJ's failure to properly develop the record, Plaintiff also argues that the ALJ's finding that C.W. had "less than marked" limitations in the functional domains of interacting and relating with others, caring for yourself, and health and physical well-being are not based on substantial evidence. Because this case is being remanded based on the ALJ's failure to properly develop the record, this Court will

6

not address this remaining argument at this juncture.

11. After carefully examining the administrative record, this Court finds cause to remand this case to the ALJ for further administrative proceedings consistent with this decision. Defendant's Motion for Judgment on the Pleadings is therefore denied. Plaintiff's Motion for Judgment on the Pleadings is granted.


IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 9) is GRANTED;

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 13) is DENIED;

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this Decision and Order;

FURTHER, that the Clerk of Court shall close this case.

SO ORDERED.


Dated: August 23, 2015
       Buffalo, New York


                                             /s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                             United States District Judge